UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THAR PROCESS, INC.,

       Plaintiff/Counter-Defendant,

v.

SOUND WELLNESS, LLC,

       Defendant/Counterclaimant/Third-Party Plaintiff,

v.

PLANT SCIENCE LABORATORIES, LLC, AND MICHAEL BARNHART,

       Third-Party Defendants/Third-Party-Defendant Claimants.

**DECISION AND ORDER**

21-CV-422S

## I. INTRODUCTION

Before this Court is the motion of Plaintiff Thar Process, Inc., a hemp processor, to dismiss the third-party-defendant claims[1] brought against it by Third-Party Defendants Plant Science Laboratories, LLC, and Michael Barnhart (collectively "PSL").[2] PSL brings claims pursuant to Federal Rule of Civil Procedure 14 (a)(2)(D), alleging that Thar breached its obligations to PSL when Thar failed to timely install hemp-processing equipment at PSL's facility. For the following reasons, this Court will grant Thar's motion.

---

[1] "There is some inconsistency in the cases as to the proper way of denominating claims by the third-party defendant against the original plaintiff." Wright et al., 6 Fed. Prac. & Proc. Civ. § 1458 (3d ed.) Neither the term "crossclaim" nor the term "counterclaim" is technically appropriate. (Id.) This Court will describe PSL's claims against Plaintiff Thar as "third-party-defendant claims."

[2] Also pending is Thar's motion to dismiss the second amended counterclaims of Defendant Sound Wellness. (Docket No. 85.) This Court will resolve that motion in a separate decision.

## II.  BACKGROUND

This Court assumes the truth of the following factual allegations made by PSL against Thar. (Docket No. 83.) See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

This Court also considers the Thar NY Extracts, LLC, Operating Agreement between PSL and Thar, which PSL relies on in its claims and which Thar attaches to its motion to dismiss.[3]

**A.  Facts**

This case concerns the sale of hemp biomass and its processing into CBD oil. The original action involved claims by Thar against Sound Wellness for failure to pay for Thar's processing of biomass that Sound Wellness had purchased from PSL. Sound Wellness then brought third-party claims against PSL related to PSL's sale and processing of the Biomass. Sound Wellness alleged that Thar and PSL were involved in a business venture by which they worked together to process Sound Wellness's biomass. PSL, facing potential liability to Sound Wellness, now brings claims against Thar stemming from their joint business venture.

On September 7, 2018, PSL and Thar entered an operating agreement to form

---

[3]  In determining whether dismissal is warranted, a court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, …, and [4] facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." Healthnow New York Inc. v. Catholic Health Sys., Inc., No. 14-CV-986S, 2015 WL 5673123, at *2–3 (W.D.N.Y. Sept. 25, 2015) (Skretny, J.) (citing In re Merrill Lynch & Co., Inc., 273 F. Supp. 2d 351, 356–357 (S.D.N.Y. 2003) (footnotes omitted), aff'd 396 F.3d 161 (2d Cir. 2005), cert. denied, 546 U.S. 935, 126 S. Ct. 421, 163 L. Ed. 2d 321 (2005)).

Thar Extracts NY, LLC ("Thar Extracts"), a New York limited liability company that is not a party in this action. (Docket No. 83 at p. 8.) Pursuant to the agreement, Thar would install processing and extraction equipment at PSL's Buffalo, New York, facility. (Id. at p. 9.) For its part, PSL would provide all the licenses needed to process hemp in New York State, would use Thar Extracts (i.e. the new venture) as "the exclusive processor of its hemp for further extractions, post processing, refining and purification," and would provide "a minimum of 5 tonnes of hemp per month for the next 10 years." (Docket No. 91-3 at p. 38.) PSL further agreed that "all additional hemp available for extraction [would] be provided to [Thar Extracts] for further processing." Id.

The operating agreement spells out the parties' rights as members of the LLC. In the original version of the agreement, Thar held 60 ownership units and PSL held 40, but an amendment on February 29, 2019, gave Thar 80 ownership units and PSL 20. (Id. at pp. 53, 56.)

In January 2019, PSL, Thar Extracts, and Sound Wellness executed a Term Sheet that expressed Sound Wellness's desire to purchase hemp and have it processed into hemp oil. (Docket No. 83 at p. 9; Docket No. 98-5 at p. 1.) Sound Wellness then entered into a contract to purchase hemp and crude oil from PSL and have PSL process the hemp ("the PSL Agreement").[4] (Docket No. 83 at p. 10.) PSL alleges that Thar knew of this contract and understood that PSL needed Thar's equipment to timely perform the processing PSL promised to Sound Wellness. (Id. at pp. 10-11.)

PSL alleges that Thar failed to timely deliver or install its equipment, only installing

---

[4] PSL does not assert these details in its claims against Thar, but for context only, the PSL agreement promised that the biomass PSL was selling to Sound Wellness had a minimum CBD content of 10% and would be processed by February 15, 2019. (See Docket No. 23-3.) This agreement forms the basis of Sound Wellness's third-party claims against PSL.

3

it in April or May 2019. (Id. at p. 11.)  PSL also alleges that Thar stopped operating the machinery after October 2019 and then removed the equipment in February 2020. (Id.)

PSL alleges that Thar's untimely delivery breached the Thar Extracts operating agreement, and that its untimely delivery and its later removal of equipment breached its fiduciary duty to PSL as a fellow member of the LLC. It further alleges that Thar is liable to it for indemnification and contribution if PSL is found liable to Sound Wellness.

**B.     Procedural History**

Thar sued Sound Wellness in the Court of Common Pleas of Alleghany, Pennsylvania, on May 20, 2020, alleging breach of contract and unjust enrichment because Sound Wellness had not made the second payment due under the agreement between Thar and Sound Wellness. (Docket No. 1-1 at p.1.) After the case was removed to the United States District Court for the Western District of Pennsylvania, Sound Wellness answered Thar's complaint and asserted counterclaims. (Docket No. 2.) Sound Wellness then filed a third-party complaint against PSL and Barnhart. (Docket No. 10). Both pleadings were later amended. (Docket Nos. 23, 40.) On PSL's motion, and over Thar's and Sound Wellness's objections, United States District Judge Marilyn Horan transferred the entire case to this district in March 2021. (Docket No. 53, 54.)

After transfer, both PSL and Thar moved to dismiss Sound Wellness's claims against them. (Docket Nos. 64, 66.) This Court resolved those motions in a decision issued on January 18, 2022. Thar Process, Inc. v. Sound Wellness, LLC, No. 21-CV-422S, 2022 WL 170608, at *1 (W.D.N.Y. Jan. 18, 2022). (Docket No. 77.) Relevant to the instant action, PSL did not challenge Sound Wellness's breach-of-contract claim against it. This Court dismissed Sound Wellness's fraud claim against PSL but permitted its

4

fraudulent inducement claim against PSL to proceed.

On February 22, 2022, PSL filed an answer to Sound Wellness's third-party claims. (Docket No. 83.) With its answer, it also brought claims against Thar—the original plaintiff—alleging breach of contract, breach of fiduciary duty, indemnification, and contribution. Thar then filed the instant motion to dismiss (Docket No. 91), which PSL opposes. (Docket No. 98.)  After Thar filed its reply (Docket No. 99), this Court took the motion under advisement without oral argument.

### III.  DISCUSSION

Thar moves to dismiss PSL's claims pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted. It also argues that PSL's claims are beyond the scope of claims that can be brought by a third-party defendant against a plaintiff under Rule 14 (a). PSL opposes Thar's motion.

#### A. Rule 12 (b)(6)

Rule 12 (b)(6) allows dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). "A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." Tradeshift, Inc. v. Smucker Servs. Co., No. 20-CV-3661 (MKV), 2021 WL 4463109, at *3 (S.D.N.Y. Sept. 29, 2021) (quoting Inter-Am. Dev. Bank v. IIG Trade Opportunities Fund N.V., No. 16 CIV. 9782 (PAE), 2017 WL 6025350, at *4 (S.D.N.Y. Dec. 4, 2017) (internal citations and quotations omitted)).

Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8(a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief."  Bell Atl. Corp. v.

Twombly, 550 U.S. 544,127 S. Ct. 1955, 1966, 167 L. Ed. 2d 929 (2007).

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor.  Goldstein v. Pataki, 516 F.3d 50, 56 (2d Cir. 2008); ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007). Legal conclusions, however, are not afforded the same presumption of truthfulness.  See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.")

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Labels, conclusions, or "a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555. Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the misconduct charged.  Iqbal, 556 U.S. at 678.  The plausibility standard is not, however, a probability requirement: the pleading must show, not merely allege, that the pleader is entitled to relief.  Id.; Fed. R. Civ. P. 8(a)(2).  Well-pleaded allegations in the complaint must nudge the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

A two-pronged approach is thus used to examine the sufficiency of a complaint, which includes "any documents that are either incorporated into the complaint by reference or attached to the complaint as exhibits." Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004). This examination is context specific and requires that the court draw on its judicial experience

and common sense. Iqbal, 556 U.S. at 679. First, statements that are not entitled to the presumption of truth—such as conclusory allegations, labels, and legal conclusions—are identified and stripped away. See id. Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim. Id.

### B. Rule 14 (a)

Pursuant to Rule 14 (a), a third-party defendant may assert against the plaintiff any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. Fed. R. Civ. P. 14 (a)(2)(D).

"Courts analyzing whether a claim arises out of the 'transaction or occurrence' that is the subject matter of a plaintiff's claims focus on whether a 'logical relationship' connects the claims and whether judicial economy will be promoted by resolving all of the claims in one action." Olin Corp. v. Lamorak Ins. Co., No. 84-CV-1968(JSR), 2018 WL 1089335, at *3 (S.D.N.Y. Feb. 6, 2018) (quoting United States v. Aguavella, 615 F.2d 12, 22 (2d Cir. 1979)). "Typically this means that the third-party defendant must demonstrate that the claim involves some of the same evidence, facts, and issues as does the original action so that litigation economy will result from allowing it to be added to the lawsuit." Wright et al., 6 Fed. Prac. & Proc. Civ. § 1458 (3d ed.).

"Whether to grant a motion to file a third-party complaint pursuant to Rule 14(a) is left to the sound discretion of the district court." Olin, 2019 WL 1089335, at *3 (citing Ivor Wolfson Corp. SA v. Locke Liddell & Sapp LLP, No. 99-CIV-11471, 2001 WL 246384, at

*4 (S.D.N.Y. 2001) (internal quotation omitted)). "When exercising its discretion, the court must take care to avoid prejudice to the plaintiff or the third-party defendant." Olin, 2019 WL 1089335, at *3 (citing Nat'l Westminster Bank PLC v. Empire Energy Mgmt. Sys., Inc., No. 93-CIV-5331, 1996 WL 709763, at *8 (S.D.N.Y. Dec. 10, 1996)).

### C. PSL does not plausibly allege that Thar breached the parties' contract.

PSL alleges that Thar breached the contract between them when it failed to timely install the equipment it promised to PSL under the Thar Extracts operating agreement.

The parties' briefs assume that New York law applies to the operating agreement between them, with both sides exclusively citing New York law. (See Docket Nos. 91-1 at pp. 9-12, 98 at pp. 8-12.) The operating agreement itself states that it is to be governed by New York law. (Docket No. 91-3 at p. 51.) "[W]here the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry." Am. Fuel Corp. v. Utah Energy Dev. Co., 122 F.3d 130, 134 (2d Cir. 1997). And where "the parties' briefs assume that New York substantive law governs the issues, … such implied consent is, of course, sufficient to establish the applicable choice of law." Arch Ins. Co. v. Precision Stone, Inc., 584 F.3d 33, 39 (2d Cir. 2009) (quoting Golden Pac. Bancorp v. FDIC, 273 F.3d 509, 514 n. 4 (2d Cir. 2001)). This Court will therefore apply New York law to the claims at issue here.

"To state a claim for breach of contract under New York law, a plaintiff must allege '(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" Hudson & Broad, Inc. v. J.C. Penney Corp., 553 F. App'x 37, 38 (2d Cir. 2014) (quoting Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996)).

Even assuming arguendo that the operating agreement creating Thar Extracts NY, LLC (the "operating agreement") is a binding contract between the parties, this Court finds that PSL has not plausibly alleged a breach by Thar. "In order to state a cause of action to recover damages for a breach of contract, the plaintiff's allegations must identify the provisions of the contract that were breached." Barker v. Time Warner Cable, Inc., 83 A.D.3d 750, 751, 923 N.Y.S.2d 118 (2d Dept. 2011). PSL alleges that Thar breached the Operating Agreement when it "failed and/or refused to timely install the equipment it agreed to provide under the Operating Agreement." (Docket No. 83 at p. 13.) But PSL does not point to any term in the Operating Agreement requiring Thar to install equipment by a certain date. In the Operating Agreement, PSL commits to providing a minimum of 5 tons of hemp per month for the next ten years but there are no installation dates or completion dates for Thar to comply with, nor any assertion that time is of the essence. (See Docket No. 91-3 at p. 38.) There is simply no time-related term in the operating agreement that Thar could have breached.

PSL argues that Thar knew that time was of the essence for PSL through its participation in discussions with PSL and Sound Wellness, its knowledge of PSL's contract with Sound Wellness, and because Thar and PSL were both members of Thar Extracts, LLC. But PSL does not cite any law supporting the proposition that mere knowledge of another party's expectations creates a binding contractual term.

Thar focuses on the term "its hemp," and argues that the operating agreement only bound Thar to provide equipment for the processing of hemp owned by PSL. Because the hemp in question here belonged to Sound Wellness and not PSL, it argues, it is not covered by the operating agreement. This Court will not reach this argument because it

finds grounds for dismissal based on the lack of any reference to time in the operating agreement.

Finally, to the extent that PSL is arguing that Thar's ceasing to operate the equipment in October 2019 and removal of the equipment in 2020 breached the operating agreement's ongoing obligations, this Court finds that this claim goes beyond the "transaction or occurrence" that is the subject matter of the plaintiff's claims. Sound Wellness's refusal to pay Thar for its hemp was the basis of the original action, and this Court finds that PSL's promises to Sound Wellness regarding that hemp are related to that claim. But anything occurring after Sound Wellness took delivery of the finished oil and failed to pay Thar falls beyond the scope of what PSL may plead as a third-party-defendant claimant. Olin, 2018 WL 1089335, at *3. Although courts tend to interpret the transaction-or-occurrence requirement liberally, they must also be mindful of the "countervailing policy of preventing the litigation from expanding to include unrelated claims that might unduly complicate the action." Wright et al., 6 Fed. Prac. & Proc. Civ. § 1459 (3d ed.).

Any claims about what Thar did with its equipment after the processing of Sound Wellness's hemp falls beyond the scope of the transaction at issue here. Such claims will be dismissed without prejudice to refiling elsewhere.

### D. PSL does not state a claim for breach of fiduciary duty.

PSL alleges that Thar owed it fiduciary duties of care and loyalty as the majority member of Thar Extracts. It alleges that Thar breached those duties when it failed and/or refused to timely install processing and extraction equipment and when later it sold the equipment to unnamed third parties. (Docket No. 83 at pp. 14-15.) Thar argues that PSL's

fiduciary duty claim fails because it is duplicative of PSL's breach-of-contract claims.

Under New York law, the three elements of a breach-of-fiduciary-duty claim are "'(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom.'" Williams Trading LLC v. Wells Fargo Sec., LLC, 553 Fed. App'x 33, 35 (2d Cir. 2014) (quoting Johnson v. Nextel Commc'ns, Inc., 660 F.3d 131, 138 (2d Cir. 2011)). "A fiduciary relationship arises 'between two persons when one of them is under a duty to act … for the benefit of another *upon matters within the scope of the relation*.'" Roni LLC v. Arfa, 963 N.E.2d 123, 124 (N.Y. 2011) (quoting EBC I, Inc. v. Goldman, Sachs & Co., 832 N.E.2d 26 (N.Y. 2005) (emphasis added)).

Pursuant to New York's LLC law, managing members of an LLC have a duty of good faith and care to other members of the LLC. In re FKF 3, LLC, 13-CV-3601, 2018 WL 5292131, at *5 (S.D.N.Y. Oct. 24, 2018) (citing NY LTD. LIAB. CO. LAW § 409); Weidberg v. Barnett, 752 F. Supp. 2d 301, 307 (E.D.N.Y. 2010) (applying New York law, parties did not dispute that "members and managers of limited liability companies owe fiduciary duties not just to the LLC, but also directly to the members of the LLC"); see also Out of Box Promotions, LLC v. Koschitzki, 55 A.D.3d 575, 578, 866 N.Y.S.2d 677, 680 (App. Div. 2008) (manager of LLC owed a fiduciary duty to both the LLC and to his fellow LLC member).

"[I]t is elemental that a fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect." Birnbaum v. Birnbaum, 73 N.Y.2d 461, 466, 541 N.Y.S.2d 746, 748 (1989). The fiduciary duty of loyalty bars "not only blatant self-dealing, but also requir[es] avoidance of situations in which a fiduciary's personal interest possibly conflicts with the interest of those owed a fiduciary duty." Id.

11

A cause of action for breach of fiduciary duty that is merely duplicative of a breach-of-contract claim cannot stand. William Kaufman Org., Ltd. v. Graham & James LLP, 269 A.D.2d 171, 173, 703 N.Y.S.2d 439, 442 (App. Div. 2000) (citing Perl v. Smith Barney, Inc., 230 A.D.2d 664, 666, 646 N.Y.S.2d 678, 680 (App. Div. 1996), lv. denied 89 N.Y.2d 803, 675 N.E.2d 1234 (1996)). But "the same conduct which may constitute the breach of a contractual obligation may also constitute the breach of a duty arising out of the relationship created by contract but which is independent of the contract itself." William Kaufman, 269 A.D.2d at 173 (quoting Mandelblatt v. Devon Stores, Inc., 132 A.D.2d 162, 168, 521 N.Y.S.2d 672, 676 (App. Div. 1987)). In other words, the allegation of an additional duty can distinguish a breach-of-fiduciary-duty claim from a breach-of-contract claim. See Perl, 230 A.D.2d at 666 (dismissing fiduciary-duty claim because allegations in the complaint did not "purport to assert a relationship different from that of an ordinary broker-client relationship").

Here, PSL alleges that Thar injured it when Thar failed to deliver equipment to PSL that would allow PSL to perform its contract with Sound Wellness. Thar argues that this claim is wholly duplicative of PSL's breach-of-contract claim, but this Court finds that the allegation that Thar had fiduciary duties toward PSL stemming from its role in the LLC suffices to distinguish this claim from PSL's breach-of-contract claim.

The claim fails, however, because the conduct alleged falls outside the "scope of the relation" that created any fiduciary duty Thar may have had to PSL. Roni, 18 N.Y.3d at 846. PSL nowhere alleges that its separate contract with third party Sound Wellness was a "matter within the scope of the relation" established by the Thar Extracts operating agreement. And PSL cites no law stating that the fiduciary duties of an LLC member

12

extend to contracts other members enter, on their own, outside the scope of the LLC.

PSL also alleges that Thar breached its fiduciary duty to PSL by selling Thar's equipment to third parties after it removed the equipment from PSL's facility, i.e. sometime after October 2019. (Docket No. 83 at p. 11 ("after October 2019, Thar did not operate the machinery at Plant Science's facility, and thereafter, Thar removed its equipment from Plant Science's facility in late February 2020.")) But as discussed above, this claim is outside the transaction or occurrence that is the basis of Thar's claims against Sound Wellness and will be dismissed, without prejudice, on that basis. See Fed. R. Civ. P. 14 (a)(2)(D).

### E. PSL does not state a claim for common law indemnification.

Thar argues that PSL fails to state a claim for common law indemnification because PSL is at least partially responsible for any harm Sound Wellness has suffered.

Indemnification is "'[t]he right of one party to shift the entire loss to another' and 'may be based upon an express contract or an implied obligation.'" Konrad Devs., LLC v. Holbrook Heating, Inc., 158 A.D.3d 1202, 1203–04, 70 N.Y.S.3d 274, 276–77 (2018). PSL does not allege that Thar owes it contractual indemnification and does not point to any contractual term requiring Thar to indemnify it.

Under New York law, "[i]n the absence of an express contractual agreement the courts recognized an implied contract of indemnity ... in favor of the wrongdoer who has been guilty of passive negligence ... against the one who has been actively negligent." Barbagallo v. Marcum LLP, No. 11-CV-1358, 2012 WL 1664238, at *6–7 (E.D.N.Y. May 11, 2012) (quoting Rock v. Reed–Prentice Div. of Package Machinery Co., 346 N.E.2d 520, 522 (N.Y.1976) (internal citations and quotations omitted; omissions in original)).

Common law indemnity permits one who "is held liable solely on account of the negligence of another ... to shift the entire liability to the one who was negligent." D'Ambrosio v. City of New York, 55 N.Y.2d 454, 461, 450 N.Y.S.2d 149, 435 N.E.2d 366 (N.Y. 1982)).

When "the party seeking indemnification was himself partially at fault, the courts of [New York] State, and throughout the Nation generally, [have] refused to imply a right to ... indemnification against another who played an effective role in causing the damage." Barbagallo, 2012 WL 1664238, at *7 (quoting Rock, 346 N.E.2d at 522) (internal citations and quotations omitted)); see also, e.g., Rosado v. Proctor & Schwartz, Inc., 484 N.E.2d 1354, 1356–57 (N.Y. 1985) (stating that a party seeking indemnification "must show that it may not be held responsible in any degree"). For this reason, New York law does not permit common law indemnification against intentional torts. Barbagallo, 2012 WL 1664238, at *7 (citing Campers' World Intern., Inc. v. Perry Ellis Intern., Inc., No. 02 CIV 453, 2002 WL 1870243, at *6 (S.D.N.Y. Aug. 13, 2002).

Here, the tort against which PSL seeks indemnification is its fraudulent inducement of Sound Wellness.  This is an intentional tort; intent is an element of such a claim under New York law. See Ningbo Prod. Imp. & Exp. Co. v. Eliau, No. 11 CIV. 650 PKC, 2011 WL 5142756, at *4 (S.D.N.Y. Oct. 31, 2011) (citing Aetna Cas. Ins. & Sur. Co. v. Aniero Concrete, 404 F.3d 566, 580 (2d Cir. 2005)). Indemnification is therefore not an available remedy. PSL's cause of action for indemnification against Sound Wellness's fraudulent inducement claim must therefore be dismissed on this basis.

F.  **PSL does not state a claim for contribution.**

PSL alleges that any liability it might have to Sound Wellness was brought about by Thar's contributory negligence. Thar argues that it cannot be liable for contribution because it does not have any tort liability either to PSL or to Sound Wellness. This Court agrees.

Under New York law, "two or more persons who are subject to liability for damages for the same personal injury, injury to property or wrongful death, may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought." N.Y. C.P.L.R. § 1401.

The "critical requirement" for apportionment by contribution is that "the breach of duty by the contributing party must have had a part in causing or augmenting the injury for which contribution is sought." Barbagallo, 2012 WL 1664238, at *10–11 (citing Nassau Roofing & Sheet Metal Co. v. Facilities Dev. Corp., 523 N.E.2d 803, 805 (N.Y.1988). "A contribution claim can be made even when the contributor has no duty to the injured plaintiff ... if there has been a breach of a duty that runs from the contributor to the defendant who has been held liable." Raquet v. Braun, 681 N.E.2d 404, 407 (N.Y.1997).

As a threshold matter, "[c]ontribution may not be sought where the underlying action is for breach of contract or where the damages sought are purely for economic loss." Dillon v. Peak Env't, LLC, 173 A.D.3d 1637, 1638, 102 N.Y.S.3d 821, 822–23 (2019) (citing Livingston v. Klein, 256 A.D.2d 1214, 1214, 684 N.Y.S.2d 115 (App. Div. 1998). In other words, "the existence of some sort of tort liability is a prerequisite to application of [New York's contribution] statute." Perkins Eastman Architects, P.C. v. Thor Engineers, P.A., 769 F. Supp. 2d 322, 326 (S.D.N.Y. 2011) (quoting Bd. of Educ. of Hudson City Sch. Dist. v. Sargent, Webster, Crenshaw & Folley, 71 N.Y.2d 21, 28, 517

N.E.2d 1360 (N.Y. 1987)).

For a contribution claim to succeed, the joint tortfeasors must have contributed to the same injury. N.Y. C.P.L.R. § 1401. Here, the only possible injury for which contribution could be sought is PSL's alleged fraudulent inducement of Sound Wellness. But this Court has already found that Thar does not have any tort liability to PSL—because PSL's fiduciary-duty claim has failed—and it has dismissed Sound Wellness's tort claims against Thar. (See Docket No. 77 at p. 37.) There is simply no possible claim here that Thar contributed to PSL's alleged fraudulent inducement of Sound Wellness. PSL's contribution claim must therefore be dismissed.

## IV.  CONCLUSION

Because Sound Wellness has not stated a claim against Thar for breach of contract, breach of fiduciary duty, indemnification, or contribution, Thar's motion to dismiss will be granted.

## V.  ORDERS

IT HEREBY IS ORDERED, that Thar's Motion to Dismiss Third-Party Defendant PSL's claims against it (Docket No. 91) is GRANTED.

SO ORDERED.

Dated:     January 3, 2023
           Buffalo, New York

                                    s/William M. Skretny
                                    WILLIAM M. SKRETNY
                                    United States District Judge